UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Randy Tucker Hall, | ) | Civil Action No.: 0:17-cv-01020-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Willie Eagleton, Warden, *and/or* | ) | |
| *S.C. Attorney General, Willie* | ) | |
| *Eagleton, Evans C.I.*, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Randy Tucker Hall, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] *See* ECF No. 1. The matter is now before the Court for consideration of Petitioner's objections to the Report and Recommendation (R & R) of United States Magistrate Judge Paige J. Gossett.[2] *See* R & R [ECF No. 9]; Pet.'s Objs. [ECF No. 11]. The Magistrate Judge recommends summarily dismissing Petitioner's § 2254 petition without prejudice and without requiring Respondent to file a return. R & R at 1, 3.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1] Petitioner filed his petition on the court form entitled "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. **§ 2241**," *see* ECF No. 1 (emphasis added), but the Magistrate Judge construed it as a successive § 2254 petition. *See* R & R at 1–2. Petitioner does not object to the Magistrate Judge's construction of the petition.

[2] This matter was automatically referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**

Petitioner previously filed a § 2254 petition, which this Court considered on the merits and dismissed with prejudice.[3] *See Hall v. Ozmint*, No. 0:09-cv-00330-RBH, 2010 WL 1068979 (D.S.C. Mar. 18, 2010) ("*Hall I*"). Petitioner has now filed a second § 2254 petition challenging the same convictions that were the subject of his first § 2254 petition. *Compare* ECF No. 1, *with Hall I* at ECF No. 1. The Magistrate Judge recommends dismissing the instant petition as successive, noting there is no indication that Petitioner obtained pre-filing authorization from the United States Court of Appeals for the Fourth Circuit before filing it. R & R at 2, 4–5.

Although Petitioner filed objections, he does not dispute the Magistrate Judge's findings that his petition is successive and that he has not obtained pre-filing authorization. Rather, Petitioner simply

---

[3]  Petitioner did not appeal the Court's order. However, as discussed in Footnote 4 below, Petitioner did file a pro se motion for an extension of time to appeal, which the Court denied. *See Hall v. Ozmint*, No. 0:09-cv-00330-RBH, at ECF No. 30 (D.S.C.).

asserts the Magistrate Judge "misconstrues" the fact that he has new claims he wants the Court consider.[4] *See* Pet.'s Objs.

Regardless of whether Petitioner has new claims not raised in his prior § 2254 petition, the Court agrees with the Magistrate Judge that his instant § 2254 petition is successive and must be dismissed. This Court decided Petitioner's first § 2254 petition on the merits. *See Hall I*, 2010 WL 1068979 (granting the respondent's motion for summary judgment and dismissing the petition with prejudice). Consequently, the petition currently before the Court is successive. *See Slack v. McDaniel*, 529 U.S.

---

[4] Petitioner indicates he has two new claims, one relating "to the jurisdiction of the lower court to convict him" and the other involving ineffective assistance of his former federal habeas counsel (Mary P. Miles) who represented him in *Hall I* and did not file an appeal of the Court's order. *See* Pet.'s Objs.; *see also* ECF No. 1 at 8–10.

Regarding Petitioner's claim that his federal habeas counsel was ineffective for failing to file an appeal, *see* ECF No. 1 at 9–10, the Court notes that in *Hall I* it granted Petitioner a certificate of appealability "as to the sole issue of whether Petitioner's Sixth Amendment claim regarding [trial] counsel's failure to give notice of his motion to be relieved in Ground Two was procedurally defaulted," *Hall I*, 2010 WL 1068979, at *7, but federal habeas counsel (Ms. Miles) did not file an appeal. Approximately one-and-a-half years after the Court entered judgment, Petitioner filed a pro se Motion to Reopen Time to Appeal, which this Court denied in a written order. *See Hall v. Ozmint*, No. 0:09-cv-00330-RBH, at ECF Nos. 29 & 30 (D.S.C.).

The Court is mindful of the precedent from *United States v. McRae* governing mixed Rule 60(b)/§ 2254 petitions where a petitioner challenges both "'the substance of the federal court's resolution of a claim on the merits'" as well as "'some defect in the integrity of the federal habeas proceedings.'" 793 F.3d 392, 398 (4th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531–33 (2005)). The Court also acknowledges the Fourth Circuit's "long standing practice . . . to classify pro se pleadings from prisoners like [Petitioner] according to their contents, without regard to their captions." *Doxie v. Dillman*, 624 F. App'x 109, 110 at n.* (4th Cir. 2015) (internal quotation marks omitted) (treating a "motion to reopen" as a "mixed Rule 60(b)/§ 2254 petition").

In *Gonzalez* (discussed in *McRae*), the Supreme Court explained that "an attack based on the movant's own conduct, ***or his habeas counsel's omissions***, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." 545 U.S. at 532 n.5 (internal citation omitted) (emphasis added). Thus, Petitioner's claim that his federal habeas counsel was ineffective for failing to file an appeal does not attack the integrity of the prior proceeding but instead seeks a second opportunity to have the merits (of the original claim on which the Court granted a certificate of appealability) determined favorably, and the claim falls within the scope of a successive § 2254 petition. *See generally Ward v. Norris*, 577 F.3d 925, 932–35 (8th Cir. 2009) (citing *Gonzalez* and holding an assertion of ineffective assistance of federal habeas counsel falls within the scope of a successive habeas petition because "it ultimately seeks to assert or reassert substantive claims").

Finally, even if the Court could properly construe Petitioner's claim as an attack on the integrity of the prior § 2254 proceeding (i.e., as a proper Rule 60(b) motion), Petitioner still has not satisfactorily made the threshold showing of timeliness—he did not file the instant § 2254 petition until more than seven years after the Court entered judgment in the prior case. *See generally Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, _ F.3d _, _, 2017 WL 2507729, at *2 (4th Cir. June 12, 2017) (noting the "initial threshold" of Rule 60(b) requires a party to "demonstrate (1) ***timeliness***, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances" (emphasis added)).

3

473, 485–89 (2000) (defining a successive petition as one filed after an initial petition was decided on its merits). Moreover, there is no evidence showing Petitioner obtained pre-filing authorization from the Fourth Circuit to file a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Easter v. Johnson*, 107 F. App'x 348, 349 (4th Cir. 2004) ("In the absence of pre-filing authorization, the district court is without jurisdiction to entertain the successive petition."). Consequently, the Court lacks jurisdiction over Petitioner's current § 2254 petition and must dismiss it.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

Based upon the foregoing, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 9]. Accordingly, the Court

**DISMISSES** Petitioner's § 2254 petition *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

    **IT IS SO ORDERED.**

Florence, South Carolina  
June 26, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge
